**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

IN RE: HOLLY AND BRUCE INGRAHAM,                        1:21-PF-0004 (GTS)

                            Respondents.
_____

**GLENN T. SUDDABY, Chief United States District Judge**

## ORDER TO SHOW CAUSE

The undersigned has determined that grounds may exist to enjoin Holly and Bruce Ingraham ("Respondents") from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the

>litigant has caused needless expense to other parties or has
>posed an unnecessary burden on the courts and their personnel;
>and (5) whether other sanctions would be adequate to protect the
>courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing the record, the Court concludes that, unless he shows cause otherwise, Respondents should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.  A review of Respondents' litigation history on Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that, between February 12, 2020, and September 28, 2020 (a period of approximately seven-and-a-half months), Respondents filed six pro se civil rights actions in this District, with a seventh pro se civil rights action having been filed approximately three-and-a-half-years before.[1]  Each of those six actions have been dismissed for for lack of subject-matter jurisdiction and/or failure to state a claim.[2]

---

[1]     *See Holly and Bruce Ingraham v. Red Carpet Housing Corp.*, 1:17-CV-1076-GLS-CFH, Complaint (N.D.N.Y. filed 11/17/16); *Holly and Bruce Ingraham v. Cuomo*, 1:20-CV-0147-TJM-CFH, Complaint (N.D.N.Y. filed 02/12/20); *Holly and Bruce Ingraham v. Mayfield State Troopers*, 1:20-CV-1186, GLS-TWD, Complaint (N.D.N.Y. filed 09/28/20); *Holly & Bruce Ingraham v. Palantine Motell*, 1:20-CV-1187-GTS-ML, Complaint (N.D.N.Y. filed 09/28/20); *Holly and Bruce Ingraham v. Casey*, 1:20-CV-1188-DNH-CFH, Complaint (N.D.N.Y. filed 09/28/20); *Holly and Bruce Ingraham v. Saint Mary Hospital*, 1:20-CV-1189-MAD-CFH, Complaint (N.D.N.Y. filed 09/28/20); *Holly and Bruce Ingraham v. Hartford Connecticut Insurance*, 1:20-CV-1190-GLS-DJS, Complaint (N.D.N.Y. filed 09/28/20).

[2]     *See Holly and Bruce Ingraham v. Red Carpet Housing Corp.*, 1:17-CV-1076-GLS-CFH, Decision and Order (N.D.N.Y. filed 11/06/17) (sua sponte dismissing complaint for lack of subject-matter jurisdiction); *Holly and Bruce Ingraham v. Cuomo*, 1:20-CV-0147-TJM-CFH, Decision and Order (N.D.N.Y. filed 04/20/20) (sua

In light of the foregoing analysis, the Court has trouble finding that Respondents' litigation history has been anything other than vexatious, in bad faith and unnecessarily burdensome to the Court and its personnel.  Nor can the Court conceive of any other sanctions (such as a warning or monetary sanction) that would be adequate to protect the Court and other parties.  However, notwithstanding the support for an anti-filing injunction at this time, fairness dictates that Respondents be given notice and an opportunity to be heard.  *See Iwachiw*, 396 F.3d at 529.  As a result, they shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why they should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondents shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why they should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District

---

sponte dismissing complaint for failure to state a claim); *Holly and Bruce Ingraham v. Mayfield State Troopers*, 1:20-CV-1186, GLS-TWD, Decision and Order (N.D.N.Y. filed 11/25/20)  (sua sponte dismissing complaint for lack of subject-matter jurisdiction and/or failure to state a claim); *Holly & Bruce Ingraham v. Palantine Motell*, 1:20-CV-1187-GTS-ML, Decision and Order (N.D.N.Y. filed 04/09/21) (sua sponte dismissing complaint for failure to state a claim); *Holly and Bruce Ingraham v. Casey*, 1:20-CV-1188-DNH-CFH, Decision and Order (N.D.N.Y. filed 06/02/21) (sua sponte dismissing complaint for lack of subject-matter jurisdiction and/or failure to state a claim); *Holly and Bruce Ingraham v. Saint Mary Hospital*, 1:20-CV-1189-MAD-CFH, Decision and Order (N.D.N.Y. filed 06/21/21) (sua sponte dismissing complaint for lack of subject-matter jurisdiction and/or failure to state a claim); *Holly and Bruce Ingraham v. Hartford Connecticut Insurance*, 1:20-CV-1190-GLS-DJS, Order (N.D.N.Y. filed 11/23/20) (sua sponte dismissing complaint for lack of subject-matter jurisdiction and/or failure to state a claim).

of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[3] and it is further

**ORDERED** that, if Respondents do not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondents; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondents by certified mail.

Dated:  October 29, 2021
        Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[3] This injunction would apply to, among other things, continued filings by Respondent as a *pro se* plaintiff in any action filed by him in state court and either removed to this Court or transferred to this Court.  *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry,* 928 F. Supp.2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, 10-CV-0777, 2012 WL 1193982, at *1, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court.") (relying on *Petrols v. Boos*, 10-CV-0777, Memorandum Opinion and Order, at 9, n.5 [N.D. W. Va. filed Nov. 2, 2010] [Stamp, J.] [reserving "the right to apply this injunction to any suit removed from state court to this Court"]); *Kissi v. Pramco, II, LLC,* 09-CV-0267, 2009 WL 8636986, at *1 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware); *Hensley v. U.S. Dist. Ct. E. Dist. of Cal.*, 07-CV-1546, 2008 WL 480000, at *3 (E.D. Cal. Feb. 19, 2008) (noting that Central District of California applied its pre-filing injunction to case that had been transferred from the Eastern District of California).